J-S27035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN R. BAILEY | : | |
| | : | |
| Appellant | : | No. 1628 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 26, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000485-2018

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED JULY 15, 2019**

Appellant, Kevin R. Bailey, appeals from the judgment of sentence imposed after entering a guilty plea. Appellate counsel has filed a petition to withdraw and an **Anders**[1] brief, stating that the appeal is wholly frivolous. After careful review, we deny counsel's petition to withdraw and direct counsel to obtain the missing notes of testimony from Appellant's September 6, 2018 guilty plea hearing and to file an advocate's brief or another **Anders** brief and petition seeking to withdraw following his review of the complete record. The Commonwealth may file a brief within 30 days after service of the brief from Appellant's counsel.[2]

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] If the Commonwealth does not intend to file a brief in response, we request that the Commonwealth send a letter to this Court's Prothonotary informing this Court of that decision as soon as possible.

_____

*   Retired Senior Judge assigned to the Superior Court.

The facts underlying this appeal are as follows.  On multiple occasions between January 1, 2017 and March 14, 2018, Appellant touched the vagina of his biological daughter, J.L.B., with his fingers and tongue.  J.L.B. would have been six years old when the abuse started.  On September 6, 2018 Appellant entered into a guilty plea to three counts of rape of a child, one count of involuntary deviate sexual intercourse with a child and two counts of aggravated indecent assault.[3]  On October 26, 2018, Appellant received an aggregate sentence of 480 to 960 months' incarceration.  Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence.  The trial judge denied Appellant's motion.  On November 9, 2018, Appellant filed this timely direct appeal.[4]

On March 20, 2019, appellate counsel filed an **Anders** Brief, in which he presented the following issue:

> Whether Appellant has any non-frivolous issues to raise on appeal?

**Anders** Brief at 5.  On March 12, 2019, appellate counsel sent a letter to Appellant, informing him that he intended to file an **Anders** brief and petition

---

[3] 18 Pa.C.S. §§ 3121(c), 3123 (b), 3125 (a)(7), respectively.

[4] Appellant timely filed his statement of errors complained of on appeal on November 30, 2018.  The trial court entered its opinion on December 13, 2018.

to withdraw.[5] On April 11, 2019, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An ***Anders*** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

---

[5] In his letter to Appellant, counsel incorrectly stated "[y]ou do have the right to proceed *pro se* (representing yourself) or you may hire counsel of your own choosing **should the Court decide to grant my Motion to Withdraw in your case**." (emphasis added). Our Court filed an Order on June 19, 2019, directing counsel to send a corrected letter to Appellant, informing him that he has the immediate right to proceed *pro se* or hire counsel to bring any additional points to this Court's attention. ***See Commonwealth v. Muzzy***, 141 A.3d 509 (Pa. Super. 2016). On June 24, 2019, counsel complied with the Order. In the Order, this Court gave Appellant until July 22, 2019 to file a response to counsel's ***Anders*** brief. In light of the disposition, we vacate that July 22, 2019 due date.

> Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks, citation, and brackets omitted). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*).

In this appeal, we observe that appellate counsel's March 12, 2019 correspondence to Appellant provided a copy of the **Anders** Brief to Appellant. The revised letter to Appellant, dated June 19, 2019, advised Appellant of his right to proceed *pro se* or to retain new counsel to raise any points he deems worthy of the Court's attention. Further, appellate counsel's **Anders** Brief, at 6-7, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellant's counsel believes there is nothing in the record that arguably supports the appeal. **Anders** brief at 16, 19. Ultimately, appellate counsel cites his reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." **Id.** Counsel's **Anders** brief and procedures therefore comply with the technical requirements of **Santiago** and **Orellana**. We therefore

- 4 -

proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

> [P]art and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated. . . . This view comports with the main purpose of **Anders**, which is to make sure that an appellant is provided with adequate counsel as required by the Sixth Amendment of the U.S. Constitution. Ultimately, our Court's overriding task is to ensure that a criminal defendant's loss of liberty is reviewed with the gravity to which it is entitled. . . .
>
> In light of the constitutional rights at issue, we must give **Anders** a most generous reading and review "the case" as presented in the entire record with consideration first of issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

**Yorgey**, 118 A.3d at 1196 (citations and quotations omitted).

In reviewing the entire record to ensure that there are no other non-frivolous issues present, we have determined that the notes of testimony from Appellant's guilty plea proceedings are not part of the record.[6] Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues. **Commonwealth v. Flowers**, 113

---

[6] There is no motion requesting transcripts for the guilty plea hearing in the certified record. This Court confirmed with Crawford County that no transcripts for the guilty plea were requested and, therefore, none were prepared.

A.3d 1246, 1249 (Pa. Super. 2015) (motion to withdraw denied where counsel who filed *Anders* brief did not make guilty plea transcripts a part of the certified record, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues.); *Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa. Super. 2006) (motion to withdraw denied "[g]iven that this represents a direct appeal, and that counsel has filed an *Anders* brief, it would be prudent, if not mandatory, for counsel to have ordered all the notes of testimony. . . . [C]ounsel cannot fulfill the mandates of *Anders* unless he has reviewed the entire record.").

Counsel could not have assessed whether any non-frivolous issues exist in connection with Appellant's guilty plea proceeding without these notes of testimony. We, therefore, conclude that counsel has not fulfilled his obligations pursuant to *Anders*. Thus, we deny counsel's petition to withdraw and direct counsel to obtain the missing notes of testimony and to file an advocate's brief or another *Anders* brief and petition seeking to withdraw following his review of a complete record within 30 days of the date of this memorandum.[7]

Petition to withdraw denied. *Anders* brief stricken. Panel jurisdiction retained.

_____

[7] Appellant, if he chooses, may file a response if counsel submits a new *Anders* brief.